10/15/2025 2:50:10 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 106884812
By: MCCARTY, TALITHA R
Filed: 10/15/2025 2:50:10 PM



## Marilyn Burgess
### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____ **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Original Petition _____

**FILE DATE:** __10/15/2025_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Harris County by and through its Probate and Mental Health Department

Address of Service: 1001 Preston, Suite 911

City, State & Zip: Houston, Texas 77002

Agent (if applicable) Harris County Judge Lina Hidalgo

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☒ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias** **Newspaper**_____

☐ **Temporary Restraining Order** ☐ **Precept** ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)** ☐ **Capias** (not by E-Issuance) ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari** ☐ **Highway Commission ($12.00)**

☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance) ☐ **Injunction** ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*)**:**
☐ **ATTORNEY PICK-UP (phone)** _____ ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____ **(No Service Copy Fees Charged)**
☐ **CONSTABLE** *Note: The email registered with EfileTexas.gov must be*
☒ **CERTIFIED MAIL by District Clerk** *used to retrieve the E-Issuance Service Documents.*
*Visit www.hcdistrictclerk.com for more instructions.*

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: **Marjorie A. Murphy** Bar # or ID **24013218**

Mailing Address: 24 Greenway Plaza, Ste. 1800, Houston, TX 77046 Phone Number: 832-564-3804



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 24, 2025

Certified Document Number:        123178263 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/15/2025 2:50:10 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 106884812
By: MCCARTY, TALITHA R
Filed: 10/15/2025 2:50:10 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE _____*

STYLED Johnathan Walton v. Harris County by and through its Probate and Mental Health Department

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| **Name:** Marjorie A. Murphy<br><br>**Address:** 24 Greenway Plaza, Ste. 1800<br><br>**City/State/Zip:** Houston, Texas 77046<br><br>**Signature:** *Marjorie Murphy* | **Email:** marjorie@themurphyla wppractice.com<br><br>**Telephone:** 832-564-3804<br><br>**Fax:** 832-553-7441<br><br>**State Bar No:** 24013218 | Plaintiff(s)/Petitioner(s): Johnathan Walton_____<br><br>Defendant(s)/Respondent(s): Harris County by and through its Probate and Mental Health Department<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other:<br><br>**Additional Parties in Child Support Case:**<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

|  | Civil |  | Family Law |  |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☒ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** |  |  |  |
| ☒ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |  |  |

| **Tax** | | **Probate & Mental Health** | |
|---|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☒ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Certified Document Number: 123178262 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   <u>December 24, 2025</u>

Certified Document Number:        <u>123178262 Total Pages:  2</u>

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. _____

| | | |
|---|---|---|
| **JOHNATHAN WALTON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **Vs.** | § | |
| | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **HARRIS COUNTY** | § | |
| **By and through its** | § | |
| **Probate and Mental Health Department,** | § | |
| | § | |
| **Defendant** | § | **_____ JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Johnathan Walton, (hereinafter, Plaintiff or "Walton") filing this Original Petition complaining of Defendant Harris County by and through its Probate and Mental Health Department (hereinafter, "Defendant" or "HC") and in support thereof provides the following:

### I.
### DISCOVERY LEVEL

1.      Discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

1.      Plaintiff, Johnathan Walton, is an individual residing in Harris County, Texas. At all times relevant to the allegations in this Original Petition, Plaintiff was an employee of the Defendant. At all times relevant to the allegations in this Original Petition Plaintiff's employment was protected by Chapter 21 of the Texas Labor Code.

2.     This is a suit against a county. Under Texas Civil Practice & Remedies Code §17.024, in a suit against a county, service must be made on the county judge. Plaintiff will, therefore, serve Harris County Judge Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas 77002.

### III.
### JURISDICTION AND VENUE

3.     Venue is proper in Harris County, Texas, pursuant to Section 15.02(a) (1), as all or substantial part of the events or omissions giving rise to this claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002 (a) (2).

4.     The Court has jurisdiction over this matter in accordance with the Texas Civil Practices and Remedies Code.

### IV.
### VICARIOUS LIABILITY

5.     Whenever in this pleading it is alleged that Defendant did any act or thing, or failed to do any act or thing, it is meant that Defendant's officers, owners, servants, employees, or representatives and management including, but not limited to, Jennifer Cantu, Amy Conaway, Sarah Correah, and/or Shane Holman did such act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment at HC or in the furtherance of Defendant HC's interests, or with the full authorization, permission, tolerance, and/or ratification of Defendant, or was done by an authorized member of management of Defendant or was done in the normal routine of the accepted, tolerated, or permitted conduct, customs, and/or practices of Defendant's officers, owners, servants, employees, management and/or representatives.

Certified Document Number: 123178261 - Page 2 of 11

## V.
## EXHAUSTION OF ADMINSTRATITIVE REMEDIES

6.      Mr. Walton filed an original Charge of Discrimination ("Charge") with the Texas Workforce Commission (hereinafter "TWC") on or about May 13, 2025 wherein he averred that Defendant engaged in disability discrimination against him and retaliated against him because of his disability and requests for reasonable accommodations. The TWC assigned Mr. Walton's Charge the No.1A25641.

7.      On August 18, 2025, the TWC issued him a Right-to-Sue letter. Mr. Walton timely files suit in Texas state court within 60 days of his receipt of his Right-to-Sue letter.

8.      All conditions precedent to the filing of this lawsuit have occurred.

## VI.
## FACTUAL BACKGROUND

9.      Plaintiff Johnathan D. Walton began working for Harris County on or about June 5, 2024, as a Mental Health Department Deputy Clerk (MI Clerk) in the Probate and Mental Department. His direct supervisor was Jennifer Cantù (Probate Director) with Sarah Correa (Assistant Director) and Shane Holman (Head of Directors) also in his management chain. Mr. Walton performed his duties capably and met all legitimate expectations.

10.      Three months into his employment, in late September 2024, Defendant provided Walton with his first performance evaluation rating his dependability and initiative as exceeds expectations and noting him as "dependable and well prepared for his task."

11.      Defendant made no negative comments regarding Walton's performance and recommended his continued employment.

12.      Approximately one month later, however, on November 2, 2024, while assisting with elections, a co-worker, Jennifer B., publicly accused Mr. Walton of calling a poll worker "a

bitch." There were two male clerks present—one white, one Black—but Jennifer B. immediately directed her accusation at Walton, the only Black male, in a demeaning and aggressive manner.

13. When Jennifer B. attempted to confront him again the next day, Walton emailed management on November 4, 2024, detailing the incident and explaining that he felt targeted, based on his race (Black), and unsafe continuing to interact with her. Walton described Jennifer B.'s conduct as humiliating, racially biased, and reminiscent of being "spoken to like a child."

14. Walton asked for intervention and accountability. His report was forwarded to Human Resources (Esther Sopchak), who acknowledged receipt and indicated HR would follow up.

15. Despite Walton's good-faith complaint of harassment and discrimination, management and HR failed to meaningfully address the issue or protect him from reprisal. Instead, from this point on, he was treated as the problem.

16. Supervisors began scrutinizing Walton's work, withholding support, and excluding him from meetings. He sensed growing hostility from Assistant Director Correa and others, and overheard that management was "on to him" after he complained to HR, signaling retaliatory animus.

17. Following his complaint, Walton's workload increased significantly. He was assigned additional filing responsibilities, his supervisor imposed shorter deadlines and began micromanaging his work product, often revising or questioning tasks he had previously completed without issue. His overtime hours were also taken away.

18. The relentless pace and scrutiny caused heightened anxiety and sleep disturbance, forcing Walton to take 2 unscheduled days off. During this time, Mr. Walton initiated treatment with his therapist, whom he had not seen for over a year prior to the November 2024 incident,

because the stress and sense of isolation at work had become overwhelming. His therapist documented worsening anxiety symptoms directly correlated to the workplace stressors and retaliation.

19.     Although Mr. Walton had only missed work 1 other time since beginning his employment with HC, after his complaints, his attendance was questioned, and he was warned that his job could be jeopardized if further absences were accrued.

20.     On January 7, 2025, Walton disclosed his disability (depression/anxiety) to Director Jennifer Cantù and HR representative Amy Conaway, providing a physician's note which described some of the side effects of his recently prescribed medication. At the same time, Walton attempted to discuss the work environment and reasonable accommodations that would allow him to maintain his position while adjusting to his medication.

21.     Immediately after this medical disclosure and request, Walton's supervisors began ignoring his emails, excluding him from communications, and treating him with hostility.

22.     On January 8, 2025, Mr. Walton participated in a meeting with his supervisor and coworkers. During that meeting, Walton questioned procedures that HC had implemented but inconsistently implemented.

23.     On January 9, 2025, Walton complained to his supervisor and HR about the scrutiny he had been facing since his protected complaint in November 2024 and the mental toll that the hostile environment at work was taking on him. He received no reply.

24.     Later that same day, on January 9, 2025—just two days after his disability disclosure—Operations Manager LaVarrick Seoane instructed Walton to report to HR, where he was abruptly terminated under the pretext of "work behavior."

25.    On May 13, 2025, Walton filed a Charge of Discrimination with the Texas Workforce Commission, alleging disability discrimination and retaliation. He explained that he was terminated as a direct result of his disability and accommodation requests, and that management's conduct after his medical disclosure and November 2024 complaint had created a retaliatory and hostile work environment.

26.    The sequence of events demonstrates a clear and unlawful pattern of retaliation and discrimination:

- A racially charged incident leading to protected complaints;
- Heightened scrutiny, workload, and psychological distress; and
- Termination within 48 hours of a protected medical disclosure and accommodation request.

27.    These facts establish violations of disability discrimination and retaliation under Chapter 21 of the Texas Labor Code.

## VII.
## CAUSES OF ACTION

28.    The Texas labor Code Section 21.002(8)(D) waives Defendant's immunity to suit when, whereas here, the plaintiff states a claim for conduct that violates the statute.

**A.    <u>DISABILITY DISCRIMINATION IN VIOLATION OF CHAPTER 21.051 OF THE TEXAS LABOR CODE</u>**

29.    Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporates them here as though fully set forth.

30.    Defendant Harris County is an employer within the meaning of Texas Labor Code § 21.002(8) and is prohibited from discriminating against an employee on the basis of disability under § 21.051.

31.    Plaintiff Johnathan Walton was qualified to perform the essential functions of his position as Mental Health Department Clerk, with or without reasonable accommodation. On

Certified Document Number: 123178261 - Page 6 of 11

January 7, 2025, Plaintiff disclosed a medical condition to management and Human Resources and requested reasonable accommodations, if necessary, as supported by his physician..

32. Immediately thereafter, Plaintiff was subjected to adverse treatment including exclusion from communications, increased hostility from supervisors, and termination two days later on January 9, 2025. Defendant's actions constitute discrimination on the basis of disability in violation of Chapter 21 of the Texas Labor Code, as Plaintiff was terminated because of his disability and/or his need for reasonable accommodation to maintain his employment

33. Defendant, through its agents, supervisors, or employees violated Plaintiffs civil rights in violation of the Texas Labor Code by intentionally interfering with Plaintiff's employment because of his actual medical condition (anxiety/depression), history and record of disability and perceived disability by refusing to engage in an interactive dialogue concerning his limitations, limiting his ability to work and requests, and by terminating his employment.

34. Defendant's discrimination, through its agents, supervisors, or employees, led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment.

35. The above-described acts on Defendant's part Defendant's acts were malicious, reckless, and intentional and consisted of discrimination of a continuous nature.

36. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer lost wages, lost benefits, mental anguish, and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**B. <u>RETALIATION IN VIOLATION OF 21.055 OF THE TEXAS LABOR CODE</u>**

37. Plaintiff re-alleges and incorporates the foregoing paragraphs.

Certified Document Number: 123178261 - Page 7 of 11

38. Plaintiff engaged in **protected activity** under Chapter 21 by:

(a) Reporting race-based harassment and discriminatory treatment by co-worker Jennifer B. and management's failure to intervene;

(b) Disclosing his disability; and

(c) Requesting reasonable accommodations be considered for his medical condition.

39. Defendant through its agents and supervisors, retaliated against Plaintiff by increasing his workload, subjecting him to heightened scrutiny, undermining his work, and ultimately terminating his employment within 2 months of his protected race complaint and within 48 hours of his medical disclosure and accommodation requests. Defendant also failed to engage in the interactive process as required by law.

40. Such conduct constitutes unlawful retaliation under Texas Labor Code § 21.055, which prohibits an employer from discriminating against an employee for opposing a discriminatory practice or participating in a proceeding under Chapter 21.

41. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer loss of wages, pain and suffering, and extreme and severe mental anguish and attorney fees.

42. The above-described acts of Defendant proximately caused Plaintiff substantial injuries and damages.

## VIII.
## DAMAGES

43. Because of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered, suffers, and will continue to suffer economic losses including past and future lost wages and benefits as well as humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages all of which amounts to be proved at trial.

44.     Additionally, because of Defendant's unlawful discriminatory and retaliatory conduct, it has been necessary for Plaintiff to retain the undersigned attorneys to represent him in the causes of actions set forth herein.  Further, Plaintiff has agreed to pay his attorney reasonable attorney's fees for the preparation and trial of these causes.

45.     As a further consequence of Defendant's unlawful discriminatory and retaliatory conduct, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve his ability to earn a living.  Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

46.     Plaintiff also seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant.  Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## IX.
## JURY DEMAND

47.     Plaintiff requests that this action be heard before a jury.

## VII.    PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a.     Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of disability and/or retaliates on the basis of protected activity

b.     All damages to which Plaintiff may be entitled pursuant to this Original Petition, or any other amendment(s) thereto, including but not limited to back pay, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c.   All compensatory damages for pain and mental suffering in the past and future which are allowed under the law;

d.   Reasonable attorney fees with conditional awards in the event of appeal;

e.   Pre-judgment interest at the highest rate permitted by law;

f.   Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g.   Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

h.   Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Petition or by any amendment hereto.

Respectfully submitted,

/s/ *Marjorie A. Murphy*
Marjorie A. Murphy
Texas Bar No. 24013218
The Murphy Law Practice, PLLC
24 Greenway Plaza, Ste. 180
Houston, Texas 77046
Telephone: (832) 564-3804
Facsimile: (832) 553-7441
Email: marjorie@themurphylawpractice.com
**ATTORNEY FOR PLAINTIFF,**
JOHNATHAN WALTON

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marjorie Murphy on behalf of Marjorie Murphy
Bar No. 24013218
marjorie@themurphylawpractice.com
Envelope ID: 106884812
Filing Code Description: Petition
Filing Description: Petition
Status as of 10/15/2025 3:09 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marjorie Murphy | | marjorie@themurphylawpractice.com | 10/15/2025 2:50:10 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 24, 2025

Certified Document Number:        123178261 Total Pages:  11

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7019 0140 0000 5913 7157

CAUSE NO. 202578894

RECEIPT NO. 1047072      85.00   CTM
**********      TR # 74559944

PLAINTIFF: WALTON, JOHNATHAN
         vs.
DEFENDANT: HARRIS COUNTY BY AND THROUGH ITS PROBATE AND MENTAL
HEALTH DEPARTMENT

In The   61st
Judicial District Court
of Harris County, Texas
61ST DISTRICT COURT
Houston, TX

P.2

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY BY AND THROUGH ITS PROBATE AND MENTAL HEALTH
     DEPARTMENT BY SERVING HARRIS COUNTY JUDGE LINA HIDALGO

     1001 PRESTON   SUITE 911 HOUSTON TX 77002

     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 15th day of October, 2025, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
     This citation was issued on 16th day of October, 2025, under my hand and
seal of said Court.

Issued at request of:
MURPHY, MARJORIE A.
24 GREENWAY PLAZA,SUITE 1800
HOUSTON, TX   77046
Tel: (832) 564-3804
Bar No.:   24013218

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MCCARTY, TALITHA ROCHELE
M39//12986668

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____

(a) ADDRESSEE

_____

ADDRESS

Service was executed in accordance with Rule 106
     (2) TRCP, upon the Defendant as evidenced by the
     return receipt incorporated herein and attached
     hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

_____

This citation was not executed for the following
reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

Certified Document Number: 123238317 - Page 1 of 2

N.INT.CITM.P

*74559944*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

7OP9 0I4O OOOO 5913 7I57

CAUSE NO. 202578894

RECEIPT NO.  1047072                    85.00    _  CTM

\*\*\*\*\*\*\*\*\*\*                          TR # 74559944

PLAINTIFF: WALTON, JOHNATHAN
          vs.
DEFENDANT: HARRIS COUNTY BY AND THROUGH ITS PROBATE AND MENTAL
HEALTH DEPARTMENT

In The    61st
Judicial District Court
of Harris County, Texas
61ST DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY BY AND THROUGH ITS PROBATE AND MENTAL HEALTH
    DEPARTMENT BY SERVING HARRIS COUNTY JUDGE LINA HIDALGO

    1001 PRESTON  SUITE 911 HOUSTON TX 77002

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>15th day of October, 2025</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
    This citation was issued on 16th day of October, 2025, under my hand and
seal of said Court.

<u>Issued at request of</u>:
MURPHY, MARJORIE A.
24 GREENWAY PLAZA,SUITE 1800
HOUSTON, TX  77046
Tel: (832) 564-3804
<u>Bar No.</u>:  24013218



MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MCCARTY, TALITHA ROCHELE
M39//12986668

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____        ADDRESS

                                          Service was executed in accordance with Rule 106
(a)ADDRESSEE                                 (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
                                             hereto at

_____
                                          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____
                                          _____

                                          This citation was not executed for the following
                                          reason: _____
                                          _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy

Certified Document Number: 123238317 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 24, 2025

Certified Document Number:        123238317 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202578894

| | |
|---|---|
| PLAINTIFF: WALTON, JOHNATHAN | In the 061st Judicial |
| vs. | District Court of |
| DEFENDANT: HARRIS COUNTY BY AND THROUGH ITS PROBATE AND MENTAL HEALTH DEPARTMENT | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY BY AND THROUGH ITS PROBATE AND MENTAL HEALTH DEPARTMENT BY SERVING

HARRIS COUNTY JUDGE LINA HIDALGO

1001 PRESTON    SUITE 911

HOUSTON TX 77002

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on October 15, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this October 16, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: TALITHA MCCARTY

Issued at request of:
MURPHY, MARJORIE A.
24 GREENWAY PLAZA,  STE 180
HOUSTON, TX  77046
832-564-3804
Bar Number: 24013218

CAUSE NUMBER: 202578894

| | |
|---|---|
| PLAINTIFF: WALTON, JOHNATHAN | In the 061st |
| vs. | Judicial District Court |
| DEFENDANT: HARRIS COUNTY BY AND THROUGH ITS PROBATE AND MENTAL HEALTH DEPARTMENT | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20_____.

Executed at (address) _____ in _____ County

at _____ o'clock ____. M., on the _____ day of _____, 20 _____,

by delivering to _____ defendant, in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____        _____

_____ of _____

County, Texas

_____        By: _____
                Affiant                                      Deputy

On this day, _____, known to me to be the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

_____
                Notary Public

Certified Document Number: 123188858 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 24, 2025

Certified Document Number:        123188858 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2025·78894

Certified Document Number: 123423086 - Page 1 of 1



7019 0140 0000 5913 7157

## U.S. Postal Service™
## CERTIFIED·MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 5.30

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $ 4.90
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
2.17

RECEIVED
MR
OCT 17 2025
Marilyn Burgess
District Clerk

1187
HARRIS COUNTY
C/O HARRIS COUNTY JUDGE LINA HIDALGO
1001 PRESTON,  SUITE 911
HOUSTON, TX 77002

2025    78894    615K

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

10·17·25

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 24, 2025

Certified Document Number:        123423086 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete Items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HARRIS COUNTY
C/O HARRIS COUNTY JUDGE LINA HIDALGO
1001 PRESTON, SUITE 911
HOUSTON, TX 77002

2025 78894    6l5f

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 5914 0049 8776 84

2. Article Number *(Transfer from service label)*

7019 0140 0000 5913 7157

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

R- Lewis

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

9590 9402 5914 0049 8776 84

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

25 OCT 23 AM 9: 53

10·23·25

MAIL PROCESSING CLERK J

10/21

Certified Document Number: 123490673

• Sender: Please print your name, address, and ZIP+4® in this box•

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 24, 2025

Certified Document Number:        123499673 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

## CAUSE NO. 2025-78894

| | | |
|---|---|---|
| JOHNATHAN WALTON. | § | |
| | § | **IN THE DISTRICT COURT** |
| *PLAINTIFF,* | § | |
| | § | |
| V. | § | **61ST JUDICIAL DISTRICT** |
| | § | |
| HARRIS COUNTY | § | |
| By and though its | § | **HARRIS COUNTY, TEXAS** |
| its Probate and Mental Health Department, | § | |
| | § | |
| *DEFENDANT.* | § | |

# HARRIS COUNTY'S ORIGINAL ANSWER
# AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendant Harris County ("Defendant"), in the above entitled and numbered cause, and files this Original Answer and Affirmative Defenses, and would show the Court as follows:

## I.
## GENERAL DENIAL

1. Defendant denies each and every allegation of Plaintiff Johnathan Walton's ("Plaintiff") Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

## II.
## AFFIRMATIVE DEFENSES

2. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant, without the admission of any of Plaintiff's allegations, which are expressly denied, assert the following affirmative defenses to and/or other matters constituting avoidance of Plaintiff's claims:

3. Defendant asserts and pleads that Plaintiff fails to state a claim upon which relief can be granted as a matter of fact and/or law.

4.     Defendant asserts and pleads that Plaintiff's lawsuit is limited or barred, in whole or in part, to the extent he failed to exhaust available internal and/or administrative remedies and/or to the extent his allegations exceed the scope of or are inconsistent with the charges of discrimination he filed with the Equal Employment Opportunity Commission or Texas Workforce Commission.

5.     Defendant asserts and pleads that all actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory reasons. Plaintiff was not unlawfully discriminated against on any basis.

6.     Defendant asserts and pleads that Plaintiff's disability nor any other protected characteristic, was a motivating factor in any of the decisions regarding Plaintiff.

7.     Defendant asserts and pleads that Plaintiff was employed at will and could be discharged with or without notice and with or without cause.

8.     Defendant asserts and pleads that Plaintiff cannot meet the essential elements of his cause of action.

9.     Defendant asserts and pleads, while denying any improper factors motivated its actions, that it would have taken the same employment action in the absence of any impermissible factors.

10.     Defendant asserts and pleads Defendant engaged in good faith efforts to comply with civil rights laws. The conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of applicable law.

11.     Defendant asserts and pleads that without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate his

claimed damages. To the extent Plaintiff has mitigated his damages, Defendant is entitled to offset those amounts he has earned.

12.     Defendant asserts and pleads that Plaintiff's damages if any, may be reduced or offset by virtue of any recovery he has obtained or may obtain from any other source as a result of unemployment benefits or otherwise.

13.     Defendant asserts and pleads that Plaintiff's claim may be barred because of Plaintiff's failure to fulfill any conditions precedent to bringing suit.

14.     Defendant asserts and pleads that Plaintiff's damages claims, if any, are subject to the limitations imposed by applicable law.

15.     Defendant asserts and pleads that Plaintiff was not damaged by any of Defendant's actions and/or is not entitled to recover for all damages sought or pled.

16.     Defendant asserts and pleads that the Court lacks subject matter jurisdiction over Plaintiff's claims and Defendant is immune from liability.

17.     Defendant asserts and pleads it is protected by governmental and/or sovereign immunities.

### III.
### JURY DEMAND

18.      Defendant would show this Court that it desires the above entitled and numbered cause to be tried to a jury. Defendant would further show that pursuant to TEX. CIV. PRAC. & REM. CODE §6.001, it is exempt from the deposit of any jury fee.

### IV.
### PRAYER

WHEREFORE, Defendant Harris County prays the Court, after notice and hearing or trial, enters judgment in favor of Defendant Harris County and against Plaintiff, awards Defendant Harris

County the costs of court, attorney's fees, and such other further relief as Defendant Harris County

may be entitled to in law or in equity.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
ESTATE DIVISIONS

*/s/ Mariana Giraldo Castro*
**MARIANA GIRALDO CASTRO**
Assistant County Attorney
State Bar No. 24149852
Mariana.Giraldo@harriscountytx.gov
**RADHA THIAGARAJAN**
Senior Assistant County Attorney
State Bar No. 00784154
Radha.Thiagarajan@harriscountytx.gov
**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress St.
Houston, Texas 77002
Tel: 713-274-5140

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 5, 2025, a true and correct copy of this pleading was served on all counsel of record in accordance with the Court's electronic filing system.

*/s/ Mariana Giraldo Castro*
**MARIANA GIRALDO CASTRO**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tina Drewke on behalf of Mariana Giraldo
Bar No. 24149852
Tina.Drewke@harriscountytx.gov
Envelope ID: 107696534
Filing Code Description: Answer/ Response / Waiver
Filing Description: Harris County's Original Answer and Affirmative Defenses
Status as of 11/5/2025 1:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marjorie Murphy | | marjorie@themurphylawpractice.com | 11/5/2025 1:13:37 PM | SENT |
| Jacqueline Navarro | | Jacqueline.Navarro@harriscountytx.gov | 11/5/2025 1:13:37 PM | SENT |
| Tina Drewke | | tina.drewke@harriscountytx.gov | 11/5/2025 1:13:37 PM | SENT |
| Mariana Giraldo | | Mariana.Giraldo@harriscountytx.gov | 11/5/2025 1:13:37 PM | SENT |
| Radha Thiagarajan | | radha.thiagarajan@harriscountytx.gov | 11/5/2025 1:13:37 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 24, 2025

Certified Document Number:        123534143 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Case No. 202578894

WALTON, JOHNATHAN

vs.

HARRIS COUNTY BY AND THROUGH I

\* \* \* \* \*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

61st JUDICIAL DISTRICT

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 10/2/2026**    **JOINDER**. All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**    **EXPERT WITNESS DESIGNATION**. Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

**(a) 11/2/2026**    Experts for parties seeking affirmative relief.
**(b) 12/2/2026**    All other experts.

**3.**    **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/29/2027**    **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/29/2027**    No-evidence motions for summary judgment may only be heard after this date.
**(b)**    All dispositive motions or pleas must be heard.

**6. 1/30/2027**    **CHALLENGES TO EXPERT TESTIMONY**. All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/29/2027**    **PLEADINGS**. Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: . <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 3/1/2027**    **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

MARJORIE A. MURPHY
24 GREENWAY PLAZA,SUITE 1800
HOUSTON, TX 77046

24013218

**LEE KATHRYN SHUCHART**
**JUDGE, 61ST DISTRICT COURT**
**Date Generated: 11/7/2025**

JCVO02

Case No. 202578894

WALTON, JOHNATHAN

vs.

HARRIS COUNTY BY AND THROUGH I

\* \* \* \* \*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

61st JUDICIAL DISTRICT

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 10/2/2026**    **JOINDER**. All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**    **EXPERT WITNESS DESIGNATION**. Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

**(a) 11/2/2026**    Experts for parties seeking affirmative relief.
**(b) 12/2/2026**    All other experts.

**3.**    **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/29/2027**    **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/29/2027**    No-evidence motions for summary judgment may only be heard after this date.
**(b)**    All dispositive motions or pleas must be heard.

**6. 1/30/2027**    **CHALLENGES TO EXPERT TESTIMONY**. All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/29/2027**    **PLEADINGS.** Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 3/1/2027**    **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

MARIANA GIRALDO CASTRO

24149852

**LEE KATHRYN SHUCHART**
**JUDGE, 61ST DISTRICT COURT**
**Date Generated: 11/7/2025**

JCVO02



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 24, 2025

Certified Document Number:        123583111 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

## CAUSE NO. 2025-78894

| | | |
|---|---|---|
| **JOHNATHAN WALTON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **Vs.** | § | |
| | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **HARRIS COUNTY,** | § | |
| | § | |
| **Defendant** | § | **61st JUDICIAL DISTRICT** |

## <u>PLAINTIFF'S AMENDED PETITION</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Johnathan Walton, (hereinafter, Plaintiff or "Walton") filing this Amended Petition complaining of Defendant Harris County[1] (hereinafter, "Defendant" or "HC") and in support thereof provides the following:

### I.
### DISCOVERY LEVEL

1.     Discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.     Plaintiff, Johnathan Walton, is an individual residing in Harris County, Texas. At all times relevant to the allegations in this Amended Petition, Plaintiff was an employee of the Defendant. At all times relevant to the allegations in this Amended Petition Plaintiff's employment

---

[1] Plaintiff's Original Petition named Harris County under a misnomer, and this Amended Petition clarifies the proper legal name of the Defendant without adding or substituting any new party.

was protected by Chapter 21 of the Texas Labor Code and 42 U.S.C. §1981 through 42 U.S.C. §1983.

3.      This is a suit against a county. Under Texas Civil Practice & Remedies Code §17.024, in a suit against a county, service must be made on the county judge. Plaintiff completed service to Harris County Judge Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas 77002 on or about October 23, 2025.

### III.
### JURISDICTION AND VENUE

4.      Venue is proper in Harris County, Texas, pursuant to Section 15.02(a) (1), as all or substantial part of the events or omissions giving rise to this claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002 (a) (2).

5.      The Court has jurisdiction over this matter in accordance with the Texas Civil Practices and Remedies Code.

### IV.
### VICARIOUS LIABILITY

6.      Whenever in this pleading it is alleged that Defendant did any act or thing, or failed to do any act or thing, it is meant that Defendant's officers, owners, servants, employees, or representatives and management including, but not limited to, Jennifer Cantu, Amy Conaway, Sarah Correah, and/or Shane Holman did such act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment at HC or in the furtherance of Defendant HC's interests, or with the full authorization, permission, tolerance, and/or ratification of Defendant, or was done by an authorized member of management of Defendant or was done in the normal routine of the accepted, tolerated, or permitted conduct, customs, and/or practices of Defendant's officers, owners, servants, employees, management and/or representatives.

7. Plaintiff does not seek to impose respondeat superior liability for his claims under 42 U.S.C. § 1983, which are asserted solely based on Harris County's policies, customs, practices, and the acts or ratification of its final policymakers.

## V.
## EXHAUSTION OF ADMINSTRATITIVE REMEDIES

8. Mr. Walton filed an original Charge of Discrimination ("Charge") with the Texas Workforce Commission (hereinafter "TWC") on or about May 13, 2025 wherein he averred that Defendant engaged in disability discrimination against him and retaliated against him because of his disability and requests for reasonable accommodations. The TWC assigned Mr. Walton's Charge the No.1A25641.

9. On August 18, 2025, the TWC issued him a Right-to-Sue letter. Mr. Walton timely files suit in Texas state court within 60 days of his receipt of his Right-to-Sue letter.

10. All conditions precedent to the filing of this lawsuit have occurred.

## VI.
## FACTUAL BACKGROUND

11. Plaintiff Johnathan D. Walton began working for Harris County on or about June 5, 2024, as a Mental Health Department Deputy Clerk (MI Clerk) in the Probate and Mental Department. His direct supervisor was Jennifer Cantù (Probate Director) with Sarah Correa (Assistant Director) and Shane Holman (Head of Directors) also in his management chain. Mr. Walton performed his duties capably and met all legitimate expectations.

12. Three months into his employment, in late September 2024, Defendant provided Walton with his first performance evaluation rating his dependability and initiative as exceeds expectations and noting him as "dependable and well prepared for his task."

13.     Defendant made no negative comments regarding Walton's performance and recommended his continued employment.

14.     Approximately one month later, however, on November 2, 2024, while assisting with elections, a co-worker, Jennifer B., publicly accused Mr. Walton of calling a poll worker "a bitch." There were two male clerks present—one white, one Black—but Jennifer B. immediately directed her accusation at Walton, the only Black male, in a demeaning and aggressive manner.

15.     When Jennifer B. attempted to confront him again the next day, Walton emailed management on November 4, 2024, detailing the incident and explaining that he felt targeted, based on his race (Black), and unsafe continuing to interact with her. Walton described Jennifer B.'s conduct as humiliating, racially biased, and reminiscent of being "spoken to like a child."

16.     Walton asked for intervention and accountability. His report was forwarded to Human Resources (Esther Sopchak), who acknowledged receipt and indicated HR would follow up.

17.     Despite Walton's good-faith complaint of harassment and discrimination, management and HR failed to meaningfully address the issue or protect him from reprisal. Instead, from this point on, he was treated as the problem.

18.     Supervisors began scrutinizing Walton's work, withholding support, and excluding him from meetings. He sensed growing hostility from Assistant Director Correa and others, and overheard that management was "on to him" after he complained to HR, signaling retaliatory animus.

19.     Following his complaint, Walton's workload increased significantly. He was assigned additional filing responsibilities, his supervisor imposed shorter deadlines and began

micromanaging his work product, often revising or questioning tasks he had previously completed without issue. His overtime hours were also taken away.

20. The relentless pace and scrutiny caused heightened anxiety and sleep disturbance, forcing Walton to take 2 unscheduled days off. During this time, Mr. Walton initiated treatment with his therapist, whom he had not seen for over a year prior to the November 2024 incident, because the stress and sense of isolation at work had become overwhelming. His therapist documented worsening anxiety symptoms directly correlated to the workplace stressors and retaliation.

21. Although Mr. Walton had only missed work 1 other time since beginning his employment with HC, after his complaints, his attendance was questioned, and he was warned that his job could be jeopardized if further absences were accrued.

22. On January 7, 2025, Walton disclosed his disability (depression/anxiety) to Director Jennifer Cantù and HR representative Amy Conaway, providing a physician's note which described some of the side effects of his recently prescribed medication. At the same time, Walton attempted to discuss the work environment and reasonable accommodations that would allow him to maintain his position while adjusting to his medication.

23. Immediately after this medical disclosure and request, Walton's supervisors began ignoring his emails, excluding him from communications, and treating him with hostility.

24. On January 8, 2025, Mr. Walton participated in a meeting with his supervisor and coworkers. During that meeting, Walton questioned procedures that HC had implemented but inconsistently implemented.

25.     On January 9, 2025, Walton complained to his supervisor and HR about the scrutiny he had been facing since his protected complaint in November 2024 and the mental toll that the hostile environment at work was taking on him. He received no reply.

26.     Later that same day, on January 9, 2025—just two days after his disability disclosure—Operations Manager LaVarrick Seoane instructed Walton to report to HR, where he was abruptly terminated under the pretext of "work behavior."

27.     On May 13, 2025, Walton filed a Charge of Discrimination with the Texas Workforce Commission, alleging disability discrimination and retaliation. He explained that he was terminated as a direct result of his disability and accommodation requests, and that management's conduct after his medical disclosure and November 2024 complaint had created a retaliatory and hostile work environment.

28.     The sequence of events demonstrates a clear and unlawful pattern of retaliation and discrimination:

- A racially charged incident leading to protected complaints;
- Heightened scrutiny, workload, and psychological distress; and
- Termination within 48 hours of a protected medical disclosure and accommodation request.

29.     These facts establish violations of disability discrimination and retaliation under Chapter 21 of the Texas Labor Code.

**VII.**
**CAUSES OF ACTION**

30.     The Texas labor Code Section 21.002(8)(D) waives Defendant's immunity to suit when, whereas here, the plaintiff states a claim for conduct that violates the statute.

**A.     <u>DISABILITY DISCRIMINATION IN VIOLATION OF CHAPTER 21.051 OF THE TEXAS LABOR CODE</u>**

31.     Plaintiff repeats and re-alleges by reference each and every allegation contained in

the paragraphs above and incorporates them here as though fully set forth.

32. Defendant Harris County is an employer within the meaning of Texas Labor Code § 21.002(8) and is prohibited from discriminating against an employee on the basis of disability under § 21.051.

33. Plaintiff Johnathan Walton was qualified to perform the essential functions of his position as Mental Health Department Clerk, with or without reasonable accommodation. On January 7, 2025, Plaintiff disclosed a medical condition to management and Human Resources and requested reasonable accommodations, if necessary, as supported by his physician..

34. Immediately thereafter, Plaintiff was subjected to adverse treatment including exclusion from communications, increased hostility from supervisors, and termination two days later on January 9, 2025. Defendant's actions constitute discrimination on the basis of disability in violation of Chapter 21 of the Texas Labor Code, as Plaintiff was terminated because of his disability and/or his need for reasonable accommodation to maintain his employment

35. Defendant, through its agents, supervisors, or employees violated Plaintiffs civil rights in violation of the Texas Labor Code by intentionally interfering with Plaintiff's employment because of his actual medical condition (anxiety/depression), history and record of disability and perceived disability by refusing to engage in an interactive dialogue concerning his limitations, limiting his ability to work and requests, and by terminating his employment.

36. Defendant's discrimination, through its agents, supervisors, or employees, led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment.

37. The above-described acts on Defendant's part Defendant's acts were malicious, reckless, and intentional and consisted of discrimination of a continuous nature.

38.   As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer lost wages, lost benefits, mental anguish, and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

### B. RETALIATION IN VIOLATION OF 21.055 OF THE TEXAS LABOR CODE

39.   Plaintiff re-alleges and incorporates the foregoing paragraphs.

40.   Plaintiff engaged in **protected activity** under Chapter 21 by:

(a)   Disclosing his disability; and

(b)   Requesting reasonable accommodations be considered for his medical condition.

41.   Defendant through its agents and supervisors, retaliated against Plaintiff by increasing his workload, subjecting him to heightened scrutiny, undermining his work, and ultimately terminating his employment within 48 hours of his medical disclosure and accommodation requests. Defendant also failed to engage in the interactive process as required by law.

42.   Such conduct constitutes unlawful retaliation under Texas Labor Code § 21.055, which prohibits an employer from discriminating against an employee for opposing a discriminatory practice or participating in a proceeding under Chapter 21.

43.   As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer loss of wages, pain and suffering, and extreme and severe mental anguish and attorney fees.

44.   The above-described acts of Defendant proximately caused Plaintiff substantial injuries and damages.

## C. **RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981, ENFORCED THROUGH 42 U.S.C. § 1983**

45.     Plaintiff Johnathan Walton re-alleges and incorporates all preceding paragraphs.

46.     42 U.S.C. § 1981 guarantees all persons the same right to make and enforce contracts as is enjoyed by white citizens, including the enjoyment of all benefits, privileges, terms, and conditions of the employment relationship.

47.     Because Defendant Harris County is a governmental entity, Plaintiff brings this race discrimination claim pursuant to 42 U.S.C. § 1983 as the exclusive vehicle for enforcing his rights under § 1981.

48.     Plaintiff is a Black male. At all relevant times, he was qualified for his position and was performing his job duties satisfactorily, as reflected in his positive performance evaluation issued in September 2024.

49.     In November 2024, Plaintiff was subjected to a racially charged and public accusation by a coworker, Jennifer B., who immediately directed her allegation at Plaintiff, the only Black male present, despite the presence of other similarly situated non-Black employees. Plaintiff reasonably perceived the accusation as racially biased and humiliating.

50.     Plaintiff promptly reported the incident to management and Human Resources in writing, expressly stating that he felt targeted based on his race and unsafe continuing to work under those conditions. Harris County acknowledged receipt of the complaint but failed to conduct a meaningful investigation, failed to discipline the offending employee, and failed to take corrective action to protect Plaintiff.

51.     Instead, following his race-based complaint, Plaintiff was subjected to heightened scrutiny, increased workload, exclusion from communications, loss of overtime, and escalating

hostility from supervisors. These adverse actions culminated in Plaintiff's termination on January 9, 2025.

52.     Defendant Harris County's actions were taken pursuant to its custom and practice of disregarding race-based complaints by Black employees, crediting accusations against Black employees without adequate investigation, and retaliating against employees who report racially discriminatory treatment, thereby discouraging the reporting of race discrimination.

53.     Harris County's failure to investigate Plaintiff's complaint and its retaliation against him were consistent with its established approach to handling race-based complaints, reflecting an institutional practice rather than an isolated deviation.

54.     This custom and practice was so persistent and widespread as to constitute a policy of Harris County and reflected deliberate indifference to the constitutional and statutory rights of Black employees, including Plaintiff.

55.     Alternatively, the adverse actions taken against Plaintiff were made, approved, or ratified by officials vested by Harris County with final authority over employee discipline and termination decisions within the Probate and Mental Health Department, thereby rendering Harris County liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

56.     As a direct and proximate result of Defendant's race discrimination and retaliation, Plaintiff suffered loss of employment, lost wages and benefits, emotional distress, and other compensatory damages.

57.     Plaintiff seeks all relief available under 42 U.S.C. §§ 1981 and 1983, including compensatory damages, attorney's fees under 42 U.S.C. § 1988, and all other appropriate relief.

## VIII.
## DAMAGES

58.     Because of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered, suffers, and will continue to suffer economic losses including past and future lost wages and benefits as well as humiliation, mental anxiety and stress, and other damages.  Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages all of which amounts to be proved at trial.

59.     Additionally, because of Defendant's unlawful discriminatory and retaliatory conduct, it has been necessary for Plaintiff to retain the undersigned attorneys to represent him in the causes of actions set forth herein.  Further, Plaintiff has agreed to pay his attorney reasonable attorney's fees for the preparation and trial of these causes.

60.     As a further consequence of Defendant's unlawful discriminatory and retaliatory conduct, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve his ability to earn a living.  Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

61.     Plaintiff also seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant.  Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## IX.
## JURY DEMAND

62.     Plaintiff requests that this action be heard before a jury.

## VII. PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a.     Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of race, disability and/or retaliates on the basis of protected activity;

b.     All damages to which Plaintiff may be entitled pursuant to this Amended Petition, or any other amendment(s) thereto, including but not limited to back pay, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c.     All compensatory damages for pain and mental suffering in the past and future which are allowed under the law;

d.     Reasonable attorney fees with conditional awards in the event of appeal;

e.     Pre-judgment interest at the highest rate permitted by law;

f.     Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g.     Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

h.     Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Amended Petition or by any amendment hereto.

Respectfully submitted,

/s/ *Marjorie A. Murphy*
Marjorie A. Murphy
Texas Bar No. 24013218
The Murphy Law Practice, PLLC
24 Greenway Plaza, Ste. 180
Houston, Texas 77046
Telephone: (832) 564-3804
Facsimile: (832) 553-7441
Email: marjorie@themurphylawpractice.com
**ATTORNEY FOR PLAINTIFF,
JOHNATHAN WALTON**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 18, 2025 a true and correct copy of Plaintiff's Rule 194 Disclosures was served on the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Mariana Giraldo Castro
Assistant County Attorney
Mariana.Giraldo@harriscountytx.gov
Radha Thiagarajan
Senior Assistant County Attorney
Radha.Thiagarajan@harriscountytx.gov
Office of the Harris County Attorney
1019 Congress Street
Houston, Texas 77002
Telephone: 713-274-5140
**Attorneys for Defendant**

/s/ *Marjorie A. Murphy*
Marjorie A. Murphy

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marjorie Murphy on behalf of Marjorie Murphy
Bar No. 24013218
marjorie@themurphylawpractice.com
Envelope ID: 109282985
Filing Code Description: Amended Filing
Filing Description: Amended Filing
Status as of 12/19/2025 8:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marjorie Murphy | | marjorie@themurphylawpractice.com | 12/18/2025 5:16:44 PM | SENT |
| Radha Thiagarajan | | radha.thiagarajan@harriscountytx.gov | 12/18/2025 5:16:44 PM | SENT |
| Mariana Giraldo | | Mariana.Giraldo@harriscountytx.gov | 12/18/2025 5:16:44 PM | SENT |
| Tina Drewke | | tina.drewke@harriscountytx.gov | 12/18/2025 5:16:44 PM | SENT |
| Jacqueline Navarro | | Jacqueline.Navarro@harriscountytx.gov | 12/18/2025 5:16:44 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 24, 2025

Certified Document Number:        124240396 Total Pages:  14

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**